■ In the Matter of Dow CHEMICAL COMPANY, Appellant. TEXAS EASTERN TRANSMISSION CORP. et al., Respondents.—In a proceeding for the production of transcripts of testimony before a certain Grand Jury and for the production of exhibits submitted to that Grand Jury, for use in a private, civil action, petitioner appeals from an order of the Supreme Court, Richmond County, entered March 18, 1977, which denied the application. Order affirmed, with one bill of $50 costs and disbursements payable jointly to respondents (see *People v Di Napoli,* 27 NY2d 229; *Albert v Zahner's Sales Co.,* 51 AD2d 541). We understand that the District Attorney has agreed to return the exhibits to their owners. Hopkins, J. P., Margett, Suozzi and Mollen, JJ., concur.

■ In the Matter of MARY A. GLENDAY, Appellant. MARIE S. RAIMONDI et al., as Administrators of the Estate of MICHAEL SAVINO, Deceased, et al., Respondents.—In a proceeding pursuant to section 305 of the Real Property Law to compel a witness to testify to the execution of a conveyance, petitioner appeals (1) from so much of an order of the Supreme Court, Nassau County, entered February 16, 1977, as denied her motion to hold the witness to the alleged conveyance in contempt and directed a hearing on the question of whether there had been a conveyance within the meaning of the statute, and (2) from so much of a further order of the same court, entered April 15, 1977, as, after a hearing at which the witness in question testified, determined that the purported deed was a nullity. Order entered April 15, 1977 affirmed insofar as appealed from. Appeal from the order entered February 16, 1977 dismissed as academic. The administrators of the estate of Michael Savino are awarded one bill of costs payable by appellant to cover both appeals. Upon the evidence before it, Special Term correctly concluded that there had been no delivery of the instrument by the alleged grantor and therefore properly ruled that no conveyance had taken place (see Real Property Law, § 244). Petitioner specifically limited her notice of appeal from the February 16, 1977 order so as to exclude the question of intervention by the administrators of the estate of Michael Savino. That issue is not, therefore, properly before us. Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.