■ In the Matter of NANCY HOFFMAN, Respondent, v MICHAEL P. SENIUK, as Sheriff, et al., Respondents, and BENJAMIN TRAVITSKY, Sued as MILTON TRAUNSKI, et al., Appellants. — In a proceeding to vacate a Sheriff's sale of real property, Benjamin Travitsky (sued as Milton Traunski) and Milton Berlin appeal from a resettled order of the Supreme Court, Nassau County (Murphy, J.), dated November 5, 1981, which granted the petition, upon certain conditions. Resettled order affirmed, with $50 costs and disbursements payable to petitioner. There is no merit to appellants' contention that CPLR 5240 has no application once property is struck off to the highest bidder at an execution sale, even though the deed has not yet been delivered. Appellants misread *Guardian Loan Co. v Early* (47 NY2d 515, 517), in which the court held that the statute cannot provide relief "once the real property has been struck off *and a deed delivered to a stranger to the underlying judgment*" (emphasis supplied). Appellants err in arguing that the emphasized language is of little importance. The law of New York requires delivery of the deed to effectuate transfer of title (*Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370; *Matter of Glenday*, 58 AD2d 628). We also reject appellants' further contention that, under the prevailing circumstances, it was an abuse of discretion to grant petitioner's application. Gibbons, J. P., Weinstein, O'Connor and Boyers, JJ., concur.