OPINION OF THE COURT
John R. LaCava, J.
The issue to be decided in this CPLR article 78 proceeding *116 in the nature of mandamus is a novel one. Must a conditional civil order of commitment explicitly state that the imposed condition is one determined to be within the committed person’s "power to perform” before such person can be denied consideration for good time behavior pursuant to section 804-a of the Correction Law. The court concludes that it does not.
Petitioner is serving a four-month term of incarceration at the Westchester County Penitentiary. He is there by virtue of a Family Court order of commitment issued pursuant to sections 454 and 846-a of the Family Court Act. In pertinent part the order provides:
"An order having been made herein, dated November 26, 1990, adjudging [Thomas McLeod] to be in willful violation of [a child support order dated October 21, 1987]; and the Court having confirmed the Hearing Examiner’s Findings of Fact re Incarceration dated August 28, 1990 and entered September 11, 1990; it is therefore,
"ordered that the [Thomas McLeod] * * * be and (he) hereby is committed to the Westchester county pen. for a term of four (4) months from the beginning of said confinement unless sooner discharged according to law (or * * * respondent may purge himself by paying the sum of five thousand dollars ($5,000)) * * *
"[S]aid commitment to be stayed for one week; if no stay is received from the Appellate Division, [Thomas McLeod] is to present himself for incarceration on December 3, 1990 at 3:00 p.m.
Pursuant to the order of commitment petitioner was incarcerated on December 3, 1990. On December 6, he received a computation of sentence form from the penitentiary records officer, Sergeant Greening. Therein he was informed that he was being denied consideration for good time allowance to be credited against his term of commitment. Petitioner made inquiry as to why that was the case. In an undated response, he was told: "You may purge yourself by paying $5000.00 therefore you are not entitled to Good Time (804 A Correction Law)”. In response to petitioner’s letter of December 17, 1990 in which he argued that he should be accorded good time credit, Sergeant Greening stated: "As per your commitment your release is conditional. That condition being that '[Thomas McLeod] may Purge himself by paying the sum of $5,000.00.’ Therefore, you are not entitled to Good Time Credit. (Correction Law 804 A).”
*117 In this CPLR article 78 proceeding, petitioner seeks an order compelling respondent to consider him for good behavior allowance pursuant to section 804-a of the Correction Law. That section reads in relevant part: "Every person confined in an institution serving a civil commitment for a fixed period of time, whose release is not conditional upon any act within his power to perform, may receive time allowances as discretionary reductions of the term of his commitment”.
Therefore, if one who is serving such a sentence has it within his power to perform the condition of his release, he is not entitled to good time credit under Correction Law § 804-a.
Petitioner argues that respondent is acting contrary to Correction Law § 804-a since the order of commitment fails to mention or otherwise state, directly or indirectly, that he is financially able to meet the imposed condition. He also argues that the Family Court made no such finding or determination. Moreover, he asserts that he is indigent and cannot meet the condition of release. In support of this last contention he has submitted to the court an "Aifirmation and Statement of Net Worth”.
Respondent has moved to dismiss on the grounds that the petition fails to state a cause of action (CPLR 7804 [f]).
Here, the order of commitment indicates that petitioner has been found to have "wilfully” violated a previous order of the Family Court. Additionally, it orders him committed to the Westchester County Jail for a period of four months or upon the payment of $5,000. From the four corners of the commitment order, it is readily apparent that the commitment is conditional. In order for a conditional order of commitment to be valid, it must be premised upon a finding of a present ability to pay the determined arrears (Matter of Nasser v Abraham, 86 AD2d 973, citing Matter of Rogers v Rogers, 77 AD2d 818; see, Edwards v Edwards, 122 AD2d 18, 19; Judiciary Law § 774 [1]).
Having before him what purports to be a valid conditional order of commitment, respondent need not look beyond its four corners to determine whether to apply the good time credit allowances authorized in Correction Law § 804-a. He is entitled to rely upon the presumption of regularity which attaches to all judicial proceedings and, unless and until such time the order is otherwise overturned or modified by an appellate court, its presumed validity.
In deciding a motion to dismiss on the grounds that the *118 petition fails to state a cause of action, the court must treat all allegations in the petition as true. Here, among other things, petitioner alleges that he is indigent and is unable to raise the required $5,000 before the expiration of his term. Additionally, he asserts that the Family Court failed to make a finding on that issue. These assertions may form a proper basis upon which to appeal the Family Court’s determination. Additionally, as to his financial inability to purge himself of the commitment, he was and still is free to make application to the Family Court to be relieved of the commitment order under section 455 of the Family Court Act. These assertions, however, have no bearing on the issue under consideration which is whether respondent was correct in denying petitioner consideration for good time allowance based upon the commitment order before him.
Accordingly, the motion to dismiss the petition is granted.
Had the court denied the motion to dismiss and treated the papers in support thereof as an answer to the petition, the court would have dismissed the petition on the basis of the above. Additionally, the court notes that contrary to petitioner’s assertion, it is apparent that the Family Court did make a determination that petitioner had the ability to purge himself of the commitment. The validity of that determination may be a proper basis for appeal; it cannot, however, be collaterally attacked in this proceeding.
Petitioner’s CPLR 3211 (e) motion to replead is denied. From its review of all submitted papers the court is not satisfied that petitioner "has good ground to support his cause of action” (CPLR 3211 [e]). Moreover, since petitioner’s release is scheduled to take place on or about April 3, 1991 reapplication would present an issue which at the time would be substantially moot.