■ SWEENEY, COHN, STAHL & VACCARO, et al., Respondents, v GEORGE KANE et al., Appellants, et al., Defendant. [822 NYS2d 632]—

In an action, inter alia, to direct the sale of certain real property owned by the defendant Gin Properties, Inc., in order to satisfy certain judgments, the defendants George Kane and Gin Properties, Inc., appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated March 16, 2005, which denied their motion for leave to deposit a sum in court in satisfaction of certain judgments and denied their separate motion to vacate a prior order of the same order dated June 17, 2004, which, among other things, appointed a receiver in connection with the sale of the subject property.

Ordered that the order is reversed, on the law and as an exercise of discretion, without costs or disbursements, the motions are granted, and the order dated June 17, 2004 is vacated; and it is further,

Ordered that Allen J. Goldstein, the attorney for the respondent Seltzer, Sussman & Habermann, shall deposit the sum of $80,000, which he is holding in escrow pursuant to a decision and order on motion of this Court dated May 26, 2005, with the Clerk of the Supreme Court, Suffolk County; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, to distribute a portion of the $80,000 to the plaintiffs sufficient to satisfy their judgments against the appellants plus interest and receiver's fees, if any, and to direct the return to the appellants of any amount remaining after satisfaction of those judgments plus interest and receiver's fees, if any.

A trial court, upon remittitur from a higher court, must obey the mandate of the higher court (see Matter of Trager v Kampe, 16 AD3d 426, 427-428 [2005]; Wiener v Wiener, 10 AD3d 362, 363 [2004]). In this case, in an opinion and order dated March 8, 2004, this Court found that real property owned by a corporation dominated by the individual defendants could be sold pursuant to CPLR article 52 to satisfy certain judgments (see Sweeney, Cohn, Stahl & Vaccaro v Kane, 6 AD3d 72 [2004]). The opinion and order of this Court granted the plaintiffs' respective motions for summary judgment and directed the appointment of a receiver. The plaintiffs' respective notices of motion asked for relief pursuant to CPLR 5240 enjoining the defendants "from bidding on the property, whether directly or indirectly through third parties or entities." However, no motion was made to bar the appellants' right of redemption, nor did this Court foreclose the right of redemption.

The appellants sought to redeem the property by satisfying the judgments by depositing money in court. In Guardian Loan

*Co. v Early* (47 NY2d 515 [1979]), the Court of Appeals noted that the practice of redemption of real property after the completion of a judicial sale was abolished with the enactment of the CPLR and the provisions of CPLR article 52 (*see* CPLR 5228, 5236). However, "CPLR 5240 grants the courts broad discretionary power to alter the use of procedures set forth in article 52" including restraining impending sales of real property on the ground that creditors could resort to less intrusive means to satisfy judgments (*see Guardian Loan Co. v Early, supra* at 519-520). Relief pursuant to CPLR 5240 may not be granted once the sale is conducted and the deed is delivered to the purchaser (*see Corpuel v Galasso,* 258 AD2d 553 [1999]; *Matter of Hoffman v Seniuk,* 88 AD2d 954 [1982]). However, in this case the sale has not been conducted and no deed has been delivered to a new owner. As this Court noted in *Matter of Hoffman v Seniuk* (*supra* at 954) "[t]here is no merit to [the] contention that CPLR 5240 has no application . . . even though the deed has not yet been delivered . . . The law of New York requires delivery of the deed to effectuate transfer of title."

There was no basis to foreclose the appellants from redeeming the property. Such relief is not inconsistent with the prior opinion and order of this Court. Pursuant to CPLR 5240, the order appointing the receiver may be vacated and the judgments satisfied by the deposit of money in court. The plaintiffs' contentions to the contrary are without merit.

Since this Court in its decision and order on motion dated May 26, 2005, directed the appellants to deposit the sum of $80,000 in escrow with the attorney for the plaintiff Seltzer, Sussman and Habermann as a condition of staying the sale of the property pending hearing and determination of the appeal, we direct that this sum be deposited in court to satisfy the plaintiffs' judgments against the appellants plus interest and receiver's fees, if any. Crane, J.P., Goldstein, Luciano and Mastro, JJ., concur.