■ NORTHBAY CONSTRUCTION Co., INC., Respondent, v BAUCO CONSTRUCTION CORP. et al., Appellants. (Action No. 1.) AMERICO CRECCO et al., Plaintiffs, v DOMINICK BAUCO et al., Defendants. (Action No. 2.) [832 NYS2d 280]—

In two related actions, inter alia, to recover damages for breach of fiduciary duty, the defendants in action No. 1 appeal from an interlocutory judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated April 26, 2005, which, inter alia, directed an accounting of the books and accounts of Bauco Construction Corp. and Northbay Construction Corp., and imposed a constructive trust. Justice Rivera has been substituted for former Justice Adams (see 22 NYCRR 670.1 [c]).

Ordered that the interlocutory judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a new trial, with costs to abide the event.

The plaintiff Northbay Construction Co, Inc. (hereinafter Northbay), commenced action No. 1 against Bauco Construction Corp., Dominick Bauco, Ida Bauco, Robert Bauco, Donna Marie Bauco, and Peter A. Rocchio, as escrow agent, seeking, inter alia, damages for breach of fiduciary duty, an accounting, and the imposition of a constructive trust. In action No. 2, which was jointly tried with action No. 1, the plaintiffs Americo Crecco and Rocco Crecco, as shareholders of Northbay, brought a similar action against Dominick Bauco and Northbay. The plaintiffs in both actions contended, inter alia, that Americo Crecco, Rocco Crecco, and Dominick Bauco were all equal one-third shareholders in Northbay. In 1987, without the knowledge of Americo Crecco and Rocco Crecco, Dominick Bauco allegedly loaned approximately $464,579 of Northbay's funds to Lino Bauco and in 1992 accepted repayment in the form of three properties in Brewster, New York, that were taken in the name of Dominick Bauco and his family members.

After a jury trial, the Supreme Court, Westchester County, asked jurors to answer two questions in the verdict sheet: (1) "Did Dominick Bauco breach his fiduciary duty to Northbay, Americo Crecco and Rocco Crecco?" and (2) "Was a constructive trust created over the properties in Brewster, New York?" The

Supreme Court denied the defendants' request that the jurors also be asked whether Dominick's alleged breach of fiduciary duty caused Northbay any damages.

The defendants argued that, as part of the charge to the jury with respect to breach of fiduciary duty, there needed to be a causation question based upon PJI 3:59 (2006). In relevant part, PJI 3:59 (2006) states "Plaintiff, AB, claims that defendant, CD, breached (his, her, its) fiduciary duty to AB . . . If you find that CD did breach (his, her, its) fiduciary duty to AB, you must then decide whether that breach was a substantial factor in causing AB to sustain damages. If you find that it was not a substantial factor in causing AB to sustain damages, you need proceed no further. If you find that CD's breach was a substantial factor in causing AB to sustain damages, you must then decide the amount of damages AB sustained."

To prove a breach of fiduciary duty, the "plaintiff must establish that the alleged misrepresentations or other misconduct were the direct and proximate cause of the losses claimed" (*Laub v Faessel*, 297 AD2d 28, 30 [2002]; *see Stafford v Reiner*, 23 AD3d 372 [2005]). Thus, it was for the jury, as the trier of fact, to determine whether Dominick proximately caused the losses claimed through his alleged breach of fiduciary duty (*see generally Canonico v Beechmont Bus Serv., Inc.*, 15 AD3d 327, 328 [2005]). Thus, there must be a new trial because "[b]y . . . refusing to charge the jury on proximate cause, the Supreme Court removed causation from the jury's consideration and decided the issue as a matter of law" (*id.*). Furthermore, because a party must prove that there was a breach of fiduciary duty for a constructive trust to be imposed, there must be a new trial on that issue as well (*see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2005]).

The claim for the imposition of a constructive trust was not time-barred (*see Barash v Estate of Sperlin*, 271 AD2d 558 [2000]).

In light of our determination, we need not reach the remaining contentions. Rivera, J.P., Ritter, Lunn and Covello, JJ., concur.