■ MURRAY BREIDBART et al., Appellants, v MELVIN L. WIESENTHAL et al., Respondents. [844 NYS2d 442]—

In an action, inter alia, to compel partnership accountings and a distribution of partnership assets, the plaintiffs appeal (1), by permission, from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 28, 2006, which, in effect, confirmed the report of a Judicial Hearing Officer (Lodato, J.H.O.), dated June 12, 2006, made after a hearing, inter alia, accepting the defendants' accounting and rejecting the plaintiffs' claim for a surcharge against the defendants, and (2) from an order of the same court dated October 25, 2006, which granted the motion of the defendants Samuel Goldstein, Marilyn Zuckerman, Barbara Claman, Brooklawn Associates, Sherman Associates, Britegold Realty Co., Inc., Hanruth Realty Corp., Franclen Realty Co., Inc., Marbob Realty Corp., Albob Realty Corp., Britegold Associates, Hanruth Associates, Franclen Associates, Marbob Associates, and Albob Associates for partial summary judgment determining that the value of the plaintiffs' collective 25% interest in the dissolved partnerships as of April 12, 2000 was $1,792,995.80.

Ordered that the order dated September 28, 2006 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 25, 2006, is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion for partial summary judgment determining that the value of the plaintiffs' collective 25% interest in the dissolved partnerships as of April 12, 2000, was $1,792,995.80, is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the Supreme Court, Kings County, shall (1) appoint a real estate appraiser who shall appraise the partnerships' real property as of April 12, 2000, and (2) conduct a hearing and render a new determination based upon findings of fact as to the value of the plaintiffs' collective 25% interest in the dissolved partnerships as of April 12, 2000.

The plaintiffs were remaindermen of a trust under the will of Isidore Breidbart. At the time of the termination of the trust on April 12, 2000 the trust held a 50% interest in various partnerships which owned commercial real estate. On a prior appeal, this Court determined that the termination of the trust on April 12, 2000 amounted to the death or retirement of a partner, and thus served to dissolve the partnerships by operation of law (*see Breidbart v Wiesenthal*, 10 AD3d 346 [2004]). This Court further determined that pursuant to Partnership Law § 73, the plaintiffs' rights were limited to an amount equal to the value of their interests in the dissolved partnerships with interest or, in lieu of interest, the profits attributable to the use of their right in the property of the dissolved partnerships (*id.*). Pursuant to Partnership Law § 73, the value is computed as of the date of dissolution of the partnerships (*see Ronan v Valley Stream Realty Co.*, 249 AD2d 288 [1998]), which in this case is April 12, 2000.

Upon the termination of the trust on April 12, 2000 the trustee petitioned in June 2000 for judicial settlement of his final account. The trustee's final account contained, inter alia, a purported fair market value of the partnership assets in June 2000 which was used to compute the trustee's commissions. The trustee waived any additional annual commissions. The methodology used to compute the values set forth in the trustee's account was not disclosed. The trustee recommended distribution of the assets in kind. The Surrogate judicially settled the final account and directed the distribution of the assets in hand as of May 31, 2001, without making any determination as to the value of those assets in 2000.

In 2002 the plaintiffs brought this action, inter alia, to compel partnership accountings and a distribution of partnership assets. The defendants Samuel Goldstein, Marilyn Zuckerman, Barbara Claman, Brooklawn Associates, Sherman Associates, Britegold Realty Co., Inc., Hanruth Realty Corp., Franclen Realty Co., Inc., Marbob Realty Corp., Albob Realty Corp., Britegold Associates, Hanruth Associates, Franclen Associates, Marbob Associates, and Albob Associates moved for partial summary judgment contending that the value of the plaintiffs' interest in the partnerships was determined by the Surrogate's

decree dated August 7, 2001, settling the trustee's final account. In the order dated October 25, 2006, the Supreme Court granted the motion. We reverse.

Under the circumstances of this case, the plaintiffs are not precluded by the decree of the Surrogate's Court settling the trustee's account from litigating the fair market value of the assets on April 12, 2000 (*see Matter of Kellogg,* 138 AD2d 799, 801 [1988]). The plaintiffs had no reason to object to any of the valuations set forth in the trustee's account at the time of judicial settlement of the account. Liquidation of the assets at market value was not considered and the Surrogate's decree made no determination of the market value of those assets in 2000 (*see Matter of Abraham XX.,* 36 AD3d 1085, 1087 [2007]; *cf. Matter of Hunter,* 4 NY3d 260, 270 [2005]). Although the trustee's valuation of the assets as of June 2000 was used to compute his commissions, the issue of commissions was not contested and the trustee waived any additional annual commissions (*see Jeffreys v Griffin,* 1 NY3d 34, 41 [2003]; *Cvetichanin v Trapezoid Land Co.,* 180 AD2d 503, 504 [1992]).

Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and determination as to the value of the plaintiffs' collective 25% interest in the dissolved partnerships as of April 12, 2000. Prior to the hearing and determination of the value, the Supreme Court, Kings County, shall appoint a real estate appraiser to appraise the partnerships' real property as of April 12, 2000. The determination of the Supreme Court, Kings County, after the hearing shall be based upon findings of fact.

We affirm the order dated September 28, 2006, in effect, confirming the report of the Judicial Hearing Officer. "The report of a [Judicial Hearing Officer] should be confirmed whenever the findings are substantially supported by the record, and the [Judicial Hearing Officer] has clearly defined the issues and resolved matters of credibility" (*Pittoni v Boland,* 278 AD2d 396 [2000] [internal quotation marks omitted]; *see Stone v Stone,* 229 AD2d 388 [1996]). The evidence established that the account was accurate and complete and there was no showing that fees paid by the partnerships were excessive or not related to traditional professional services rendered in the normal course of business (*see Levine v Levine,* 184 AD2d 53, 60 [1992]). The plaintiffs failed to demonstrate that the actions of the fiduciary were anything other than the good faith exercise of honest judgment in the lawful and legitimate furtherance of business (*see Auerbach v Bennett,* 47 NY2d 619, 629 [1979]; *Bachurski v Polish & Slavic Fed. Credit Union,* 33 AD3d 739, 740-741 [2006]).

The parties' remaining contentions are without merit. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.