**19** NORTHBAY CONSTRUCTION CO., INC., Appellant-Respondent, v BAUCO CONSTRUCTION CORP. et al., Respondents-Appellants. (Action No. 1.) AMERICO CRECCO et al., Appellants-Respondents, v DOMINICK BAUCO, Also Known as DOMENICO BAUCO, et al., Respondents-Appellants. (Action No. 2.) [882 NYS2d 305]—In an action, inter alia, to impose a constructive trust, and a related shareholder's derivative action to recover damages for breach of fiduciary duty, the plaintiffs in action Nos. 1 and 2 appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated May 9, 2008, as denied, in part, that branch of their cross motion which was for summary judgment on the issue of liability, and the defendants cross-appeal from so much of the same order as denied their motion for summary judgment dismissing certain portions of the complaints.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On a prior appeal by the defendants in both actions (hereinafter the defendants) (*see Northbay Constr. Co., Inc. v Bauco Constr. Corp.*, 38 AD3d 737 [2007]), this Court reversed an interlocutory judgment in favor of the plaintiffs in both actions (hereinafter the plaintiffs) directing an accounting and imposing a constructive trust, and remitted the matter to the Supreme Court, Westchester County, for a new trial, with costs to abide the event. In response to this determination, the defendants moved by order to show cause for summary judgment based, inter alia, upon the decision and order of this Court and argu-

ments that the plaintiffs failed to submit sufficient evidence at the trial. Prior to the commencement of the new trial, the plaintiffs cross-moved for summary judgment, contending that the testimony of the defendant Dominick Bauco at the first trial established their entitlement to judgment as a matter of law.

The Supreme Court, in the order appealed from, awarded the plaintiffs partial summary judgment in the sum of $27,345.50, based upon a concession by the defendants, but otherwise denied the motion and cross motion on the ground, inter alia, that the decision of this Court in *Northbay Constr. Co., Inc. v Bauco Constr. Corp.* (38 AD3d 737 [2007]), constituted law of the case.

The doctrine of law of the case requires a court to follow the determinations of a court of coordinate jurisdiction (*see Mosher-Simons v County of Allegany,* 99 NY2d 214, 219 [2002]). Therefore this Court is not bound by prior orders of the Supreme Court in this matter. However, this Court is bound by our own prior decisions and orders in this case (*see Aames Funding Corp. v Houston,* 57 AD3d 808 [2008]). Further, the Supreme Court was bound to follow the remittitur of this Court (*see Matter of Davis,* 56 AD3d 553 [2008]; *Sweeney, Cohn, Stahl & Vaccaro v Kane,* 33 AD3d 785 [2006]), which directed a new trial. Upon remittitur, the parties submitted no new information which would warrant a different determination (*see Stone v Bridgehampton Race Circuit,* 244 AD2d 403 [1997]).

Accordingly, the order must be affirmed insofar as appealed and cross-appealed from, and the parties should proceed to trial (*see Northbay Constr. Co., Inc. v Bauco Constr. Corp.,* 38 AD3d 737 [2007]). Mastro, J.P., Miller, Chambers and Austin, JJ., concur.