■ In the Matter of St. Lawrence County Department of Social Services, on Behalf of Joanne Petrie, Respondent, v Vincent Pratt, Appellant. [914 NYS2d 391]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered January 27, 2010, which, in a proceeding pursuant to Family Ct Act article 4, among other things, revoked respondent's suspended sentence of incarceration.

Respondent has a dismal record of repeatedly failing to comply with child support orders and he is over $24,000 in arrears. As currently relevant, upon the consent of respondent in August 2008, Family Court ordered a 180-day sentence for his willful violation of a support order; the sentence was suspended upon the condition that he make monthly payments of $150 toward arrears. He failed to make the payments and, following a hearing, Family Court vacated the suspension of the sentence and committed respondent to jail for 180 days unless he paid $5,000 toward arrears. The court further directed that he not receive allowances for good behavior unless he made the $5,000 payment. Respondent appeals.

Respondent's challenge to Family Court's determination of a willful violation is not properly before us since he did not appeal from the August 2008 order (*see Matter of Clark v Clark*, 61 AD3d 1274, 1275 [2009], *lv denied* 13 NY3d 702 [2009]). In any event, he consented to the August 2008 order, and it is undisputed that he failed to make the payments that resulted in such order and he continued thereafter not to make payments. Regarding his claimed inability to pay, upon which he had the burden of proof, his own testimony established that he had failed to make any reasonable efforts to obtain any type of work after his taxi business faltered many months earlier (*see Matter of Bouchard v Bouchard*, 263 AD2d 775, 777 [1999]).

Next, respondent contends that Family Court erred in directing that he not receive good behavior allowances during his 180-day jail term unless he made a $5,000 payment toward arrears.[1] Although the issue is moot since respondent has completed his sentence (*see Matter of Lewis v Cross*, 72 AD3d 1228, 1229 [2010]), we nevertheless will address it because it is "a significant issue which is likely to recur and evade review" (*Matter of William S.*, 74 AD3d 1684, 1685 [2010]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).[2] Correction Law § 804-a addresses good behavior allowances for civil commitments and the statute limits such allowances to a situation where "release is not conditional upon any act within [the confined person's] power to perform" (Correction Law § 804-a [1]). When this statute was enacted in 1987 to clarify that good behavior allowances were permitted in certain civil commitments, it was noted that "[t]he purpose in limiting good behavior allowances to only certain civil commitments is that, where an individual has the option of performing an act which would terminate his [or her] commitment, it would be contrary to public policy to allow this individual to receive good time" (Mem of State Commn on Correction, 1987 McKinney's Session Laws of NY, at 2384). Here, Family Court rejected respondent's credibility regarding his financial circumstances. He had continued on the course described in our decision in one of his earlier appeals of "an ongoing unwillingness to give the child support obligation a proper priority" (*Matter of St. Lawrence County Dept. of Social Servs. v Pratt*, 44 AD3d 1125, 1126 [2007], *lv dismissed and denied* 9 NY3d 1020 [2008]). Under the prevailing circumstances, Family Court's direction regarding good behavior allowances was consistent with the statute.

The record reveals that meaningful representation was provided to respondent and, thus, his contention that he did not receive the effective assistance of counsel is unavailing (*see Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1260 [2008], *lvs denied* 12 NY3d 707 [2009]).

Peters, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

1. Since such payment would have resulted in his release, the effect of the order was to remove good behavior allowances as an option in his sentence.

2. We note that there appears to be no appellate court decision addressing the issue and, while one reported lower court decision discusses the statute, it does so within the context of a different issue (*see Matter of McLeod v Stancari*, 150 Misc 2d 115, 115-116 [1991]).