■ MURRAY BREIDBART et al., Respondents, v MELVIN L. WIESENTHAL et al., Defendants, and SAMUEL GOLDSTEIN et al., Appellants. [940 NYS2d 302]—

In an action, inter alia, to compel partnership accountings and a distribution of partnership assets, the defendants Samuel Goldstein, Marilyn Zuckerman, Barbara Claman, Brooklawn Associates, Sherman Associates, Britegold Realty Co., Inc., Hanruth Realty Corp., Franclen Realty Co., Inc., Marbob Realty Corp., Britegold Associates, Hanruth Associates, Franclen Associates, Marbob Associates, and Albob Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 15, 2010, as denied that branch of their motion which was to direct a hearing to determine the value of the plaintiffs' collective 25% interest in the dissolved partnership Albob Associates as of April 12, 2000, and granted that branch of the plaintiffs' cross motion which was, in effect, to direct them to accept service of an amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellants' motion which was to direct a hearing to determine the value of the plaintiffs' collective 25% interest in the dissolved partnership Albob Associates as of April 12, 2000, is granted, that branch of the plaintiffs' cross motion which was, in effect, to direct the appellants to accept service of the amended complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In an order dated October 25, 2006, the Supreme Court granted the motion of the defendants Samuel Goldstein, Marilyn Zuckerman, Barbara Claman, Brooklawn Associates, Sherman Associates, Britegold Realty Co., Inc., Hanruth Realty Corp., Franclen Realty Co., Inc., Marbob Realty Corp., Britegold Associates, Hanruth Associates, Franclen Associates, Marbob Associates, and Albob Associates (hereinafter the appellants) for partial summary judgment determining that the value of the plaintiffs' collective 25% interest in the defendant dissolved partnerships as of April 12, 2000, was $1,792,995.80. On a prior

appeal by the plaintiffs (*see Breidbart v Wiesenthal*, 44 AD3d 982 [2007]), this Court, among other relief, reversed the order dated October 25, 2006, and denied the appellants' motion. This Court remitted the matter to the Supreme Court, Kings County, for the appointment of a real estate appraiser to appraise the partnerships' real property as of April 12, 2000, and to conduct a hearing and render a new determination based upon findings of fact as to the value of the plaintiffs' collective 25% interest in the dissolved partnerships as of April 12, 2000. Upon remittitur, and after the court-appointed appraiser submitted his report, the appellants moved, inter alia, to direct the hearing. The plaintiffs cross-moved, inter alia, in effect, to direct the appellants to accept service of a newly-served amended complaint, which asserted, inter alia, a new cause of action for a judgment declaring, among other things, that Albob Associates had not been dissolved. In the order appealed from dated September 15, 2010, the Supreme Court denied that branch of the appellants' motion which was to direct a hearing to determine the value of the plaintiffs' collective 25% interest in the dissolved partnership Albob Associates as of April 12, 2000, and granted that branch of the plaintiffs' cross motion which was, in effect, to direct the appellants to accept service of the amended complaint. The Supreme Court determined that it would be premature to include Albob Associates in the valuation hearing.

Upon remittitur, the Supreme Court was bound to obey the mandate of this Court (*see Northbay Constr. Co., Inc. v Bauco Constr. Corp.*, 64 AD3d 548, 549 [2009]; *Tutrani v County of Suffolk*, 64 AD3d 53, 58 [2009]; *Matter of Davis*, 56 AD3d 553, 555 [2008]; *Matter of Ferrara*, 50 AD3d 899 [2008]; *Sweeney, Cohn, Stahl & Vaccaro v Kane*, 33 AD3d 785, 786 [2006]), which directed a hearing to determine the value of the plaintiffs' collective 25% interest in the dissolved partnerships, including Albob Associates, as of April 12, 2000. The Supreme Court failed to adhere to the terms of this Court's remittitur, and thereby erred, when it directed the appellants to accept service of the amended complaint, which asserted a new cause of action against Albob Associates, and excluded Albob Associates from the hearing (*see Matter of Trager v Kampe*, 16 AD3d 426, 427-428 [2005]; *Wiener v Wiener*, 10 AD3d 362, 363 [2004]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the order dated September 15, 2010, must be reversed insofar as appealed from, that branch of the appellant's motion which was to direct a hearing in accordance with this Court's directive on the prior appeal must be granted, that

branch of the plaintiffs' cross motion which was, in effect, to direct the appellants to accept service of the amended complaint must be denied, and the matter must be remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.