■ In the Matter of MADISON COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of MARY CHAFEE, Respondent, v MICHAEL J. FELKER, Appellant. [943 NYS2d 257]—

Malone Jr., J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered September 9, 2011, which granted petitioner's application, in a proceeding pursuant

to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Pursuant to a May 2007 order, respondent, the father of a child born in 2002, was directed to pay to Mary Chafee, the mother, weekly child support in the amount of $25. For his failure to make such payments previously, respondent was incarcerated from February 2010 until August 2010. Upon his continued failure to make any payments, petitioner commenced this violation proceeding on behalf of Chafee. Family Court ultimately found that respondent had willfully failed to obey the May 2007 order between the time he was released from his prior incarceration in August 2010 and the onset of medical problems in April 2011. As a result, the court ordered that respondent be incarcerated for 150 days or until such time as he made a payment of $800, representing the amount in arrears that corresponded with the period of willful violation. Respondent appeals.

Respondent's sole contention on appeal is that Family Court erred by not addressing the issue of whether he was entitled to a good time allowance pursuant to Correction Law § 804-a (1) while incarcerated. Upon a review of the record, we disagree. There is nothing in the court's order regarding a good time allowance because the issue of good time was not raised before Family Court. Indeed, any issue regarding respondent's potential entitlement to a good time allowance would not arise until after he was incarcerated pursuant to the order from which he appeals (*see* Correction Law § 804-a [3] [a determination granting a good time allowance would be made by the sheriff, superintendent, warden or another person in charge of the institution in which a respondent was incarcerated]). While an administrative denial of good time might be challenged in a proceeding pursuant to CPLR article 78 or other such proceeding, that issue is not before this Court on this appeal.

Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.