■ In the Matter of St. Lawrence County Department of Social Services, on Behalf of Laura Fountain, Respondent, v Larry Fountain, Appellant. [945 NYS2d 585]—

Egan Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered March 11, 2011, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to revoke respondent's suspended sentence of incarceration.

By order entered January 28, 2009, Family Court (Potter, J.) found respondent to be in willful violation of a prior order of child support and committed him to jail for 90 days. This sentence was suspended upon the condition that respondent make payments in compliance with the prior order of support and pay an additional weekly sum toward the accumulated arrears. When respondent failed to fulfill his obligations in this regard, petitioner commenced this proceeding seeking to revoke respondent's suspended sentence of incarceration. By order entered March 11, 2011, Family Court (Rogers, J.) granted petitioner's application and committed respondent to jail for 60 days. This appeal by respondent ensued.

To the extent that respondent challenges the 2009 order finding him to be in willful violation of child support, there is nothing in the record to suggest that respondent appealed from this order. Hence, any arguments with respect thereto are not properly before us (see Matter of Muller v Muller, 90 AD3d 1165, 1166 [2011]; Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 80 AD3d 826, 826 [2011], lv denied 16 NY3d 712 [2011]; Matter of Clark v Clark, 61 AD3d 1274, 1275 [2009], lv denied 13 NY3d 702 [2009]). As to respondent's appeal from the 2011 order revoking his suspended sentence of incarceration, respondent has served the 60-day sentence imposed thereunder and, therefore, this appeal is moot (see Matter of Muller v Muller, 90 AD3d at 1166; Matter of Franklin County Dept. of Social Servs. v Durant, 54 AD3d 1139, 1140 [2008]; Matter of Franklin County Dept. of Social Servs. v Grant, 54 AD3d 1103 [2008]; Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 24 AD3d 1050 [2005], lv denied 6 NY3d 713 [2006]). Finally, contrary to respondent's assertion, the exception to the mootness doctrine is inapplicable here (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Accordingly, we do not reach the remaining arguments advanced by respondent on appeal.

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.