In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an amended order of commitment of the Family Court, Nassau County (Eisman, J.), dated January 9, 2013, as, upon remittitur from this Court by decision and order dated December 19, 2012 (Matter of Cunha v Urias, 101 AD3d 996 [2012]), for the issuance of an amended order of commitment committing the mother to the custody of the Nassau County Correctional Facility for a term of imprisonment of 30 days for contempt of court, directed that she not receive time allowances for good behavior during that commitment. By decision and order on motion dated January 13, 2013, this Court granted the mother’s motion to stay enforcement of the amended order of commitment pending hearing and determination of the appeal.
Ordered that the amended order of commitment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for the issuance of a second amended order of commitment in accordance herewith.
In 2011 the father filed a petition alleging that the mother *924 had violated the visitation provisions of an order issued by the Family Court. After a hearing, the Family Court adjudged the mother to be in contempt of court for willfully failing to obey that order. In an order of commitment dated November 21, 2011, the Family Court ordered that the mother be committed to the Nassau County Correctional Facility for a term of six months “unless sooner discharged according to law.” In a decision and order dated December 19, 2012 (see Matter of Cunha v Urias, 101 AD3d 996 [2012]), this Court modified the order of commitment, determining that, under the circumstances of this case, the punishment was excessive and a shorter term of 30 days commitment was appropriate; as so modified, the order of commitment was affirmed. This Court remitted the matter for the issuance of an amended order of commitment in accordance with the decision and order on appeal.
In an amended order of commitment dated January 9, 2013, the Family Court ordered that the mother be committed to the Nassau County Correctional Facility for a term of 30 days. However, the order of commitment also directed that the mother would not receive time allowances for good behavior.
Upon a remittitur, a court is “ ‘without power to do anything except to obey the mandate of the higher court’ ” (Wiener v Wiener, 10 AD3d 362, 363 [2004], quoting United States v Pink, 36 NYS2d 961, 965 [Sup Ct, NY County 1942]; see Berry v Williams, 106 AD3d 935, 937 [2013]; Breidbart v Wiesenthal, 93 AD3d 751, 752 [2012]; Matter of Ferrara, 50 AD3d 899, 900 [2008]; Kopsidas v Krokos, 18 AD3d 822, 823 [2005]). Here, the Family Court erred in failing to adhere to the terms of this Court’s remittitur by including in the amended order of commitment a provision directing that the mother would not receive time allowances for good behavior. We note that, although the mother is eligible for such time allowances (see Correction Law § 804-a [1]; Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 80 AD3d 826 [2011]), the determination as to whether they should be granted is to be made by the person in charge of the institution where she is committed (see Correction Law § 804-a [3]; see Matter of Madison County Commr. of Social Servs. v Felker, 94 AD3d 1373 [2012]). Accordingly, we remit the matter to the Family Court, Nassau County, for the issuance of a second amended order providing that the mother is to be committed to the Nassau County Correctional Facility for a term of 30 days “unless sooner discharged according to law.” Rivera, J.E, Dillon, Chambers and Hinds-Radix, JJ., concur.