Matter of Garrett v Jones (2018 NY Slip Op 07375)





Matter of Garrett v Jones


2018 NY Slip Op 07375


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

524829

[*1]In the Matter of ROSE M. GARRETT, Respondent,
v
STEPHEN A. JONES, Appellant.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Norbert A. Higgins, Binghamton, for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Tioga County (Morris, J.), entered April 12, 2017, which, in a proceeding pursuant to Family Ct Act article 4, revoked the suspension of respondent's sentence of incarceration.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2005). By an order entered upon the parties' stipulation in August 2015, the father was directed to pay $50 per week in child support. In September 2015, the mother commenced this violation proceeding alleging that the father had failed to make the payments as ordered and that he also owed over $5,000 in arrears from past failures to pay child support. After a hearing in January 2016, a Support Magistrate found that the father had willfully violated the August 2015 order and determined the amount of his arrearage for support due under that order, with credit for a partial payment that the father made during the hearing. The Support Magistrate referred the matter to Family Court for confirmation and imposition of punishment, recommending against incarceration if the father made all regular payments and cured the arrearage.
At the Family Court hearing in February 2016, the mother averred that the father had not made any further payments, and the father stated that he was unemployed and looking for work. The court adjourned the hearing, and, when the parties returned several weeks later, the father made a partial payment to the mother and claimed that he had a promising lead on a job. Thereafter, between April 2016 and October 2016, the court repeatedly adjourned the matter to give the father opportunities to obtain work. During this period, the father reported no regular employment and made no weekly payments. He made partial payments to the mother at some of the adjourned hearings, but none large enough to cure the accumulating arrearage. At a hearing in November 2016, the father's counsel represented that the father had recently paid $500 to the mother, and the father affirmed that he was able to continue to make weekly payments in the ordered amount. In December 2016, Family Court issued an order confirming the Support Magistrate's determination that the father had willfully violated the support order, directing his incarceration for 30 days and suspending the imposition of the sentence provided that the father continued to make regular weekly payments for 26 weeks.
Shortly thereafter, the mother applied to restore the matter to the calendar, asserting that the father made no support payments following the November 2016 appearance. Just before the January 2017 hearing upon this application, the father made a partial payment to the mother covering most of the arrears that had accumulated since November 2016; at the hearing, he stated that he was about to begin a new job. Family Court continued the suspension of the sentence with additional conditions, directing the father to cure the remaining arrearage, to provide a pay stub from his new employment to the child support collection unit by a specified deadline, and to make regular weekly payments. In February 2017, the mother again applied to have the matter restored to the calendar, alleging that the father was now $350 in arrears on payments that had become due after the November 2016 hearing. The father made no further payments before the hearing upon this application in April 2017, at which time he stated that his anticipated new employment had been delayed but that he expected to begin work soon. Family Court then issued an order revoking the suspension of the father's sentence of incarceration and committing him to 30 days in jail. The father appeals.[FN1]
Family Court is authorized to enforce child support obligations, not only by committing a parent who willfully violates a support order to jail for a term of up to six months and by suspending an order of commitment upon reasonable conditions, but also by revoking the suspension "[f]or good cause shown . . . at any time" (Family Ct Act § 455 [1]; see Family Ct Act § 454 [3] [a]; Matter of Columbia County Support Collection Unit v Risley, 27 NY3d 758, 760-761 [2016]; Matter of Madison County Support Collection Unit v Campbell, 162 AD3d 1146, 1147 [2018]). Here, the record reveals that the father paid only $250 toward the total of approximately $950 in child support payments that became due between the entry of the order suspending his sentence of incarceration and the revocation of the suspension. Although it was the father's burden to prove that he was unable to comply with his child support obligations (see Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 80 AD3d 826, 826 [2011], lv denied 16 NY3d 712 [2011]), he failed to support his assertions that new employment was imminent with any evidence other than his own self-serving testimony. He likewise failed to document the details of his job search, and presented no evidence describing his financial circumstances or supporting his claim that his efforts toward compliance were unduly hindered. Further, the father's previous failures to comply with his child support obligations had led to the accrual of a substantial arrearage. In view of the father's consistent failure to take advantage of the opportunities offered to him by Family Court to comply with his child support obligations, we are satisfied that there was good cause for the revocation of the suspension of his sentence (see Matter of Sullivan v Kilkenny, 141 AD3d 533, 534-535 [2016]; Matter of Bonneau v Bonneau, 97 AD3d 917, 918 [2012], lv denied 19 NY3d 815 [2012]. Finally, the father's challenges to the sentence of incarceration itself are not properly before this Court, as the record does not reveal that he appealed from the December 2016 order by which it was imposed (see Matter of Clark v Clark, 61 AD3d 1274, 1275 [2009], lv denied 13 NY3d 702 [2009]; Matter of Dauria v Dauria, 286 AD2d 879, 880 [2001]).
McCarthy, Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This Court granted the father's motion for a stay of the sentence of incarceration pending the completion of this appeal.