Matter of Simmes v Hotaling (2019 NY Slip Op 04795)





Matter of Simmes v Hotaling


2019 NY Slip Op 04795


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526185

[*1]In the Matter of CAMMIE L. SIMMES, Respondent,
v
WILLIAM C. HOTALING, Appellant.

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Paula N. Berube of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered January 17, 2018, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to jail for 60 days.
Petitioner filed a violation petition alleging, among other things, that respondent had not made any child support payments in six months. After a hearing, a Support Magistrate found that respondent willfully violated the operative child support order and recommended his incarceration. At the conclusion of a confirmation hearing on January 17, 2018, Family Court stated from the bench that it would confirm the Support Magistrate's finding of a willful violation, determined that respondent owed over $18,000 and directed that he be committed to jail for 60 days unless he paid at least $5,000. The court issued a commitment order that same day. Respondent appeals from that order, by notice of appeal dated January 23, 2018. On January 26, 2018, the court issued a dispositional order, which specifically ordered confirmation of the willfulness finding.
Respondent's arguments on appeal, which relate to the finding of willfulness, are not properly before us because he did not appeal from the January 26, 2018 order confirming that his violation of the support order was willful (see Matter of Muller v Muller, 90 AD3d 1165, 1166 [2011]; Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 80 AD3d 826, 826 [2011], lv denied 16 NY3d 712 [2011])[FN1]. Inasmuch as the imposed term of incarceration has expired, [*2]respondent's appeal from the order of commitment must be dismissed as moot (see Matter of Holt v Greiner, 167 AD3d 1271, 1271-1272 [2018]; Matter of Muller v Muller, 90 AD3d at 1166; Matter of Franklin County Dept. of Social Servs. v Durant, 54 AD3d 1139, 1140 [2008]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: "Where a notice of appeal is premature or contains an inaccurate description of the judgment or order appealed from," this Court has the authority, in its discretion and when the interests of justice demand, to treat that notice of appeal as validly addressing a specific order (CPLR 5520 [c]). We will not exercise such discretion here, considering that the January 26, 2018 order was not included in the record on appeal.