Ali v Chaudhry (2021 NY Slip Op 04900)





Ali v Chaudhry


2021 NY Slip Op 04900


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-05837
 (Index Nos. 3948/09, 14421/09)

[*1]Pir Wajid Ali, appellant, 
v
Shafquat Chaudhry, respondent (Action No. 1).
Pir Wajid Ali, et al., appellants, v Shafquat Chaudhry, respondent, et al., defendants. (Action No. 2)


Bhatia & Associates, PLLC (Robert R. Viducich, New York, NY, of counsel), for appellant in Action No. 1 and appellants in Action No. 2.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Steven J. Harfenist and Andrew C. Lang of counsel), for respondent.



DECISION & ORDER
In related actions, inter alia, to recover damages for breach of fiduciary duty, which were joined for trial, the plaintiff in Action No. 1 and the plaintiffs in Action No. 2 appeal from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 18, 2017. The judgment, upon a jury verdict in each action, is in favor of Shafquat Chaudhry, the defendant in Action No. 1 and a defendant in Action No. 2, and against the plaintiff in Action No. 1 and the plaintiffs in Action No. 2 dismissing the complaint in each action.
ORDERED that the judgment is affirmed, with costs.
In 2001, Pir Wajid Ali incorporated T.V. East, Inc. (hereinafter TV East), and in 2003, Ali and Shafquat Chaudhry entered into agreements whereby Chaudhry became a shareholder and officer of T.V. East. In 2005, Ali incorporated Ravi Punjabi Television Network, Inc. (hereinafter Ravi TV), and in 2006, Ali and Chaudhry entered into agreements whereby Chaudhry became a shareholder and officer of Ravi TV. In 2009, Ali commenced an action against Chaudhry, inter alia, to recover damages for breach of fiduciary duty (hereinafter Action No. 1), alleging that Chaudhry breached his fiduciary duty to Ali by competing with TV East for his own benefit and for the benefit of other companies he owned. Also in 2009, Ali and Rohana Deo, another shareholder and officer of Ravi TV, commenced an action against, among others, Chaudhry, among other things, to recover damages for breach of fiduciary duty (hereinafter Action No. 2), alleging that Chaudhry breached his fiduciary duty to Ali and Deo by operating Ravi TV for his own benefit and for the benefit of other companies he owned. The related actions were joined for trial. Following a jury trial, the jury returned a verdict in Action No. 1 finding that Chaudhry breached his fiduciary duty to Ali, but that such breach was not a substantial factor in causing Ali to sustain any damages. The jury also returned a verdict in Action No. 2 finding that Chaudhry did not breach his fiduciary duty to Ali and Deo. In a judgment entered January 18, 2017, upon the jury verdicts, the Supreme Court [*2]dismissed the complaint in each action. Ali and Deo (hereinafter together the plaintiffs) appeal.
Contrary to the plaintiffs' contention, the verdict sheet for Action No. 1 properly included a question as to whether Chaudhry's breach of fiduciary duty was a substantial factor in causing Ali to suffer any damages. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777 [emphasis added]). "[T]he proponent of a claim for a breach of fiduciary duty must, at a minimum, establish that the offending parties' actions were a substantial factor in causing an identifiable loss" (Greenberg v Joffee, 34 AD3d 426, 427 [internal quotation marks omitted]; see Northbay Constr. Co., Inc. v Bauco Constr. Corp., 38 AD3d 737, 738). Thus, the Supreme Court properly directed the jury to, upon making a finding that Chaudhry breached his fiduciary duty to Ali, consider whether such breach was a substantial factor in causing Ali to suffer any damages.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Sokolik v Pateman, 114 AD3d 841, 842). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Harewood v Holmes, 163 AD3d 638, 638-639). Here, contrary to the plaintiffs' contention, the verdicts were based upon a fair interpretation of the evidence presented to the jury (see Lolik v Big V Supermarkets, 86 NY2d at 746).
Furthermore, the Supreme Court providently exercised its discretion in granting Chaudhry's motion in limine to preclude the proposed testimony of the plaintiffs' expert. The opinion testimony of an expert must be based upon facts in the record or personally known to the witness (see Cassano v Hagstrom, 5 NY2d 643, 646). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (Quinn v Artcraft Constr., 203 AD2d 444, 445). Here, the plaintiffs failed to demonstrate that their expert's testimony would be based upon facts either contained in the record or within his personal knowledge.
The plaintiffs' remaining contentions are without merit.
Accordingly, the complaint in each action was properly dismissed.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court