■ MARTIN ZUCKERBROD et al., Doing Business as ZUCKERBROD & TAUBENFELD, Respondents, v NEW YORK TELEPHONE COMPANY, Appellant. — In an action to recover damages based upon defendant's failure to print plaintiffs' listings in its telephone directory, defendant appeals from an order of the Supreme Court, Kings County (Kartell, J.), dated August 20, 1980, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. Plaintiffs, partners in a law firm, seek $250,000 in damages for the omission of certain of their business listings from the 1972-1973 telephone directory. Plaintiffs alleged that this omission was "willful and done with malice aforethought for the purpose of harassing the plaintiffs and causing them loss of business". As the summons and complaint were not served until more than four years after the omission had been corrected, defendant moved at Special Term for summary judgment on the ground that plaintiffs' action was barred by CPLR 214

(subds 4, 5), the three-year Statute of Limitations applicable to tort claims. In opposition, plaintiffs merely affirmed that a contract existed. Special Term denied the motion. It is not disputed that certain of plaintiffs' listings were omitted from the telephone directory in question. Thus, the sole issue to be determined upon this motion is which Statute of Limitations is applicable to plaintiffs' cause of action. The terms of General Tariff P.S.C. No. 800-Telephone (§ L.D.2.g.), limit defendant's liability for directory omissions to cases in which the subscriber can show "gross negligence or wilfull misconduct". The "general principle [is] that time limitations depend upon, and are confined to, the form of the remedy" (*Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 672; *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 395). As plaintiffs must prove gross negligence or willful misconduct in order to succeed, and are seeking tort damages (the recovery of lost profits due to the omissions from the listings), the three-year Statute of Limitations applicable to tort actions is applicable and bars this action (see CPLR 214, subds 4, 5; *Sears, Roebuck & Co. v Enco Assoc., supra*). Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.