■ GEORGE COLUMBE et al., Appellants, v NEW YORK TELEPHONE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered August 9, 1983 in Schenectady County, which granted defendant's cross motion for summary judgment dismissing the complaint. ¶ Plaintiffs commenced the instant action on January 19, 1983 to recover for "damages and breach of contract" resulting from defendant's alleged failure to provide proper telephone service sometime during April of 1979. In its answer, defendant asserted, *inter alia,* that the application was barred by the three-year Statute of Limitations applicable to tort claims (CPLR 214, subds 4, 5). Plaintiffs moved pursuant to CPLR 3211 (subd [b]) to strike the defense. Defendant's cross motion for summary judgment on the ground that the action was in negligence, and thus time barred, was granted, giving rise to this appeal. ¶ The sole issue on appeal is which Statute of Limitations is applicable to plaintiffs' cause of action. Plaintiffs argue that the action is governed by the six-year limitation period applicable to contract actions (CPLR 213), but do not specify the nature of the breach other than to assert that defendants failed to provide proper service. The terms of the applicable tariff promulgated by the

Public Service Commission (General Tariff PSC No. 800—Telephone, § 7, par D, cl 2, subcls h, j) limit the utility's liability to its customers for damages arising from service-related problems to instances of "gross negligence or willful misconduct" (see *Hamilton Employment Serv. v New York Tel. Co.*, 253 NY 468; *Long Is. Cent. Sta. v New York Tel. Co.*, 54 AD2d 893). We focus on the form of the remedy in determining the applicable limitation period (*Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 395; *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 672). Since plaintiffs must demonstrate gross negligence or willful misconduct in order to recover, and are seeking tort damages (recovery of consequential damages for apparent loss of profits), the three-year Statute of Limitations applicable to negligence actions applies and serves to bar this action (*Zuckerbrod v New York Tel. Co.*, 87 AD2d 574, 575). ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.