■ FREDERICK J. MALI, Individually and as Executor of HENRY J. MALI, Deceased, Respondent, v DE FOREST & DUER, Appellant, et al., Defendant.—Order, Surrogate's Court, New York County (Marie M. Lambert, S.), entered on or about November 28, 1988, which, *inter alia,* denied the motion of defendant De Forest & Duer to dismiss the complaint, unanimously reversed, to the extent appealed from, on the law, the motion granted and the complaint against De Forest & Duer dismissed, without costs.

We are concerned on this appeal with only the first and third causes of action, since the second cause is asserted against H. Allen Mali, who has not appealed, and plaintiff advises us the fourth cause has been withdrawn.

The verified complaint alleges that, in 1978 and 1981, De Forest & Duer, through one of their partners, prepared wills for Henry J. Mali which left a one-third share of his estate to each of his three sons. Prior to the preparation of the 1981 will, the firm, as part of an estate-planning review, made several recommendations to reduce estate taxes, including a proposal whereby plaintiff would have the option to purchase the family farm from his brothers upon Henry's death, which option price would include a "cap" to ensure that plaintiff would be financially able to purchase the farm despite any hyperinflation of real estate values. This recommendation was apparently rejected by Henry and not included in his will. Neither defendant ever advised plaintiff of this recommendation. On March 31, 1982, Henry sold the farm to his three sons and contemporaneously, plaintiff executed the option agreement. Plaintiff alleges that defendants' failure to disclose to him the recommendation of a "cap" on the option price deprived him of the opportunity to discuss the issue with Henry, thereby precluding him from exercising the option if hyperinflation were to affect the farm's value.

The first cause of action is based upon plaintiff's claim, in his individual capacity, that De Forest & Duer owed him a fiduciary duty, which they breached by negligently or willfully failing to disclose to him their recommendation that a "cap" be included in the option agreement. Such cause must fall since there is no showing of a fiduciary relationship with plaintiff regarding Henry's will. It is well established in New

York that absent fraud, collusion, malicious acts or other circumstances, De Forest & Duer, as draftsmen of the will, are not liable to the beneficiaries of such will or other third parties not in privity who might be harmed by their professional negligence. *(Viscardi v Lerner,* 125 AD2d 662, 663-664; *Rossi v Boehner,* 116 AD2d 636.) Not only was De Forest & Duer under no obligation to inform plaintiff of their advice to his father, but absent their client's consent, Canon 4 of the Code of Professional Responsibility requires them to preserve their client's confidences and secrets. That De Forest & Duer may have also represented plaintiff and his wife in their estate plans and were long-time legal advisors to the entire family does not change the parties' relationship, vis-à-vis Henry's will.

In the third cause of action, plaintiff, in his capacity as an executor and beneficiary of his father's will, dated March 3, 1987, claims that because of the negligence of De Forest & Duer, a contemporaneously executed revocable inter vivos trust, dated March 3, 1987, does not contain certain provisions required by the Internal Revenue Code, thus causing an increase of at least $200,000 in Federal and State estate taxes due from Henry's estate. Again, this cause of action must fall since both paragraph Eighth of Henry's will and paragraph Fourth of the trust agreement provide that any estate taxes incurred as the result of the inclusion of trust property in Henry's taxable estate shall be paid from the assets of the trust, not the estate. Thus, any cause of action seeking damages regarding the trust must be brought by the trustees and not an executor of the estate. The fourth cause of action purported to seek such relief; however, as noted above, that cause has been withdrawn. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.