■ C. RICHARD STAFFORD, Appellant, v ROBERT H. REINER et al., Respondents. [804 NYS2d 114]—In an action to recover damages for breach of fiduciary duty and negligence, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered June 29, 2004, which, upon an order of the same court dated June 16, 2004, granting that branch of the motion of the defendant Donald L. Schuck which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him, and the motion of the defendant Bronstein, Van Veen and Bronstein, P.C., and the separate motion of the defendants Robert H. Reiner, Behavioral Associates, and Robert Reiner Psychologist, P.C., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, is in favor of the defendants and against him dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, even accepting as true the facts alleged in the complaint and affording him the benefit of every possible favorable inference (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]), his claim that the defendants' breach of fiduciary duty and/or negligence was a proximate cause of the dissolution of his marriage remains entirely speculative and finds no support in the record (*see Turk v Angel*, 293 AD2d 284 [2002]; *Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292, 294 [1993]; *Weissman v Mertz*, 128 AD2d 609, 610 [1987]).

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.