■ COMMUNITY NETWORK SERVICE, INC., Appellant, v VERIZON NEW YORK, INC., Respondent. [834 NYS2d 119]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered November 23, 2005, which granted defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously modified, on the law, the motion denied with respect to the first cause of action, and otherwise affirmed, without costs or disbursements.

In its first cause of action, plaintiff, a reseller of telephone service over lines provided by defendant, alleges that it entered into a contract with defendant, to begin July 1, 1994 and end September 1, 1997, under which the latter was to provide a quantity of lines with certain features, including automatic route selection (ARS), originally an option that plaintiff did not select but to which the Public Service Commission ruled it was entitled under the contract rate. Although defendant billed and plaintiff paid for ARS, plaintiff alleges the feature was never actually provided. Plaintiff stopped paying for ARS-related charges in May 1997, and defendant denied plaintiff access to its ARS network for nonpayment on November 25, 1997. In its second cause of action, plaintiff alleges that another feature of the lines was "hot cut" conversion from analog to digital service that defendant failed "in numerous instances to success-

fully provide" without service interruptions or other problems. This action was commenced on November 22, 2000 and seeks lost profits.

Since there is no dispute that the governing Public Service Commission tariffs limit defendant's liability for service omissions to gross negligence or willful misconduct, and since plaintiff is seeking consequential tort damages in the form of lost profits, the applicable statute of limitations is three years (CPLR 214 [4]; *see Columbe v New York Tel. Co.*, 102 AD2d 909 [1984]). Defendant argues that the action is time-barred because the wrongs complained of—failure to provide ARS and the hot cut conversion—occurred, at the latest, on September 1, 1997, when the contract expired, ending any obligation on its part to provide these services to plaintiff. The argument is incorrect in two respects. First, under governing PSC Tariff 900, if plaintiff neither elected an additional service period nor requested discontinuance of service, service was to be continued at the current monthly rate for 12 additional months. Thus, the contract would not end until September 1, 1998. Defendant's argument that plaintiff had repudiated the contract in May 1997, a time outside the applicable three-year statute of limitations, is belied by defendant's December 19, 1997 letter electing its remedy for the aforesaid breach, i.e., to terminate service effective January 19, 1998, which is within the three-year limitations period. Thus, the claim as to the lack of ARS service is timely.

Plaintiff's other argument, that defendant's duty to provide the lines was a continuing one, such that the statute of limitations began to run from the commission of the last wrongful act (*see Statistical Phone Philly v NYNEX Corp.*, 116 F Supp 2d 468, 484 [SD NY 2000]), is unpreserved and we decline to reach it. With respect to the hot cut, plaintiff does not identify the date of any wrongful act, although documents in the record indicate that the last service problem occurred on July 14, 1997, more than three years before commencement of the action. Concur—Andrias, J.P., Saxe, Sullivan and Gonzalez, JJ.