[933 NE2d 718, 907 NYS2d 119]

Estate of Saul Schneider, Deceased, Appellant, v Victor M. Finmann et al., Respondents, et al., Defendant.

Argued May 4, 2010; decided June 17, 2010

## POINTS OF COUNSEL

*Nicholas J. Damadeo, P.C.,* Huntington (*Nicholas J. Damadeo* of counsel), for appellant. I. A decedent's claim for legal malpractice that occurred during his lifetime survives his death and includes a claim for increased estate tax liability. (*Nembach v Giaimo & Vreeburg,* 209 AD2d 222; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo,* 259 AD2d 282; *Deeb v Johnson,* 170 AD2d 865; *Ackerman v Price Waterhouse,* 84 NY2d 535; *Kerbein v Hutchison,* 30 AD3d 730; *Iser v Kerrigan,* 37 AD3d 662; *Pratt v Spalty Sons,* 135 Misc 2d 588; *Matter of Pascale,* 168 Misc 2d 891; *Estate of Spivey v Pulley,* 138 AD2d 563.) II. New York's strict privity rule should be modified in estate planning malpractice cases. (*Savings Bank v Ward,* 100 US 195; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377; *Credit Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536; *BDG Oceanside, LLC v RAD Term. Corp.,* 14 AD3d 472.)

*Cullen and Dykman LLP,* Garden City (*Peter J. Mastaglio* and *Justin F. Capuano* of counsel), for respondents. I. Since decedent, while alive, had no claim against his attorney for malpractice arising from increased estate tax liability, that claim never passed to his estate. (*Grosso v Estate of Gershenson,* 33 AD3d 587; *Viscardi v Lerner,* 125 AD2d 662; *Estate of Spivey v Pulley,* 138 AD2d 563; *Mali v De Forest & Duer,* 160 AD2d 297; *Deeb v Johnson,* 170 AD2d 865; *Harder v Arthur F. McGinn, Jr., P. C.,* 89 AD2d 732, 58 NY2d 663; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582; *Nembach v Giaimo & Vreeburg,* 209 AD2d 222; *Matter of Pascale,* 168 Misc 2d 891; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo,* 259 AD2d 282.) II. The cause of action to recover damages resulting from the alleged negligent tax advice did not accrue until decedent died. (*Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *Ackerman v Price Waterhouse,* 84 NY2d 535; *Kerbein v Hutchison,* 30 AD3d 730; *Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525.) III. There is no need to further modify New York's privity rule in estate planning malpractice cases. (*Savings Bank v Ward,* 100 US 195; *Ultramares Corp. v Touche,* 255 NY 170; *Glanzer v Shepard,* 233 NY 236; *White v Guarente,* 43 NY2d 356; *Credit*

*Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536; *Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377; *State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling,* 95 NY2d 427; *Breen v Law Off. of Bruce A. Barket, P.C.,* 52 AD3d 635; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582.)

**OPINION OF THE COURT**

JONES, J.

At issue in this appeal is whether an attorney may be held liable for damages resulting from negligent representation in estate tax planning that causes enhanced estate tax liability. We hold that a personal representative of an estate may maintain a legal malpractice claim for such pecuniary losses to the estate.

The complaint alleges the following facts. Defendants represented decedent Saul Schneider from at least April 2000 to his death in October 2006. In April 2000, decedent purchased a $1 million life insurance policy. Over several years, he transferred ownership of that property from himself to an entity of which he was principal owner, then to another entity of which he was principal owner and then, in 2005, back to himself. At his death in October 2006, the proceeds of the insurance policy were included as part of his gross taxable estate. Decedent's estate commenced this malpractice action in 2007, alleging that defendants negligently advised decedent to transfer, or failed to advise decedent not to transfer, the policy which resulted in an increased estate tax liability.

Supreme Court granted defendants' motion to dismiss the complaint for failure to state a cause of action. The Appellate Division affirmed (60 AD3d 892 [2009]), holding that, in the absence of privity, an estate may not maintain an action for legal malpractice. We now reverse and reinstate plaintiff's claim.

Strict privity, as applied in the context of estate planning malpractice actions, is a minority rule in the United States.[1] In New York, a third party, without privity, cannot maintain a

---

1. Now only a handful of jurisdictions apply strict privity to malpractice actions commenced by beneficiaries against estate planning attorneys (*see Robinson v Benton,* 842 So 2d 631, 637 [Ala 2002]; *Nevin v Union Trust Co.,* 726 A2d 694, 701 [Me 1999]; *Noble v Bruce,* 349 Md 730, 752, 709 A2d 1264, 1275 [1998]; *Simon v Zipperstein,* 32 Ohio St 3d 74, 512 NE2d 636 [1987]; *Lilyhorn v Dier,* 214 Neb 728, 335 NW2d 554 [1983]). Numerous jurisdictions

claim against an attorney in professional negligence, "absent fraud, collusion, malicious acts or other special circumstances" (*Estate of Spivey v Pulley*, 138 AD2d 563, 564 [2d Dept 1988]). Some Appellate Division decisions, on which the Appellate Division here relied, have applied strict privity to estate planning malpractice lawsuits commenced by the estate's personal representative and beneficiaries alike (*Deeb v Johnson*, 170 AD2d 865 [3d Dept 1991]; *Spivey*, 138 AD2d at 564; *Viscardi v Lerner*, 125 AD2d 662, 663-664 [2d Dept 1986]; *Rossi v Boehner*, 116 AD2d 636 [2d Dept 1986]). This rule effectively protects attorneys from legal malpractice suits by indeterminate classes of plaintiffs whose interests may be at odds with the interests of the client-decedent. However, it also leaves the estate with no recourse against an attorney who planned the estate negligently.

We now hold that privity, or a relationship sufficiently approaching privity, exists between the personal representative of an estate and the estate planning attorney. We agree with the Texas Supreme Court that the estate essentially " 'stands in the shoes' of a decedent" and, therefore, "has the capacity to maintain the malpractice claim on the estate's behalf" (*Belt v Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 SW3d 780, 787 [Tex 2006]). The personal representative of an estate should not be prevented from raising a negligent estate planning claim against the attorney who caused harm to the estate. The attorney estate planner surely knows that minimizing the tax burden of the estate is one of the central tasks entrusted to the

have either relaxed the principle of privity or have granted standing to beneficiaries or estates (*see Stanley L. & Carolyn M. Watkins Trust v Lacosta*, 321 Mont 432, 438, 92 P3d 620, 625-626 [2004] [an estate has standing to bring a legal malpractice action]; *Blair v Ing*, 95 Haw 247, 259, 21 P3d 452, 464 [2001] [nonclient may bring a legal malpractice suit]; *Simpson v Calivas*, 139 NH 1, 5, 650 A2d 318, 321 [1994] [named beneficiaries have standing to bring claims in negligence against an estate planning attorney]; *Espinosa v Sparber, Shevin, Shapo, Rosen & Heilbronner*, 612 So 2d 1378, 1380 [Fla 1993] [estate stands in the shoes of the testator and satisfies the privity requirement]; *Schreiner v Scoville*, 410 NW2d 679, 681 [Iowa 1987] [intended beneficiaries may maintain a malpractice action against the decedent's attorney despite the absence of privity]). The *Schreiner* court cited to numerous jurisdictions that had a similar rule in place (*see id.* at 681-682). Texas treats the malpractice claims brought by beneficiaries and personal representatives of decedent's estates differently (*see Barcelo v Elliott*, 923 SW3d 575, 579 [Tex 1996] [nonclient beneficiaries cannot maintain malpractice suits against estate planning attorneys because they lack privity]; *cf. Belt v Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 SW3d 780, 784-786 [Tex 2006] [departed from the *Barcelo* rule in suits brought by the personal representative of the decedent's estate and held that privity existed between the parties]).

professional. Moreover, such a result comports with EPTL 11-3.2 (b),[2] which generally permits the personal representative of a decedent to maintain an action for "injury to person or property" after that person's death.

Despite the holding in this case, strict privity remains a bar against beneficiaries' and other third-party individuals' estate planning malpractice claims absent fraud or other circumstances. Relaxing privity to permit third parties to commence professional negligence actions against estate planning attorneys would produce undesirable results—uncertainty and limitless liability. These concerns, however, are not present in the case of an estate planning malpractice action commenced by the estate's personal representative.

Accordingly, the order of the Appellate Division should be reversed, with costs, and defendants' motion to dismiss the complaint denied.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order reversed, etc.

---

2. "No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent" (EPTL 11-3.2 [b]).