JEANNE SORENSEN LEFF, Appellant, v FULBRIGHT & JAWORSKI, L.L.P., et al., Respondents. [911 NYS2d 320]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered July 29, 2009, dismissing the complaint, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered July 2 and 15, 2009, which granted defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In New York it is well established that absent fraud, collusion, malicious acts or similar circumstances, the draftsperson of a will or codicil is not liable to the beneficiaries or other third parties not in privity who might be harmed by his or her professional negligence (*see Mali v De Forest & Duer*, 160 AD2d 297 [1990], *lv denied* 76 NY2d 710 [1990]). Defendants demonstrated that while they represented plaintiff in her estate planning and other matters, she was not in privity with them with regard to her late husband's estate planning. The absence of such privity remains a bar against her estate malpractice claims (*Estate of Schneider v Finmann*, 15 NY3d 306 [2010]).

Plaintiff's subjective belief that she had engaged in joint estate planning or was jointly represented with her late husband is insufficient to establish such privity (*Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451 [1993], *lv denied* 82 NY2d 654 [1993]). Contrary to plaintiff's contention, this case is not akin to *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo* (259 AD2d 282 [1999]), in which the plaintiff beneficiary was intimately involved in the estate planning and relied upon the attorney's advice in the course of establishing a sham corporation intended to avoid estate taxes. Indeed, plaintiff herein was never involved in the planning of the estate and did not rely on any advice related thereto that might sustain her claim.

Plaintiff cannot bring her claim pursuant to the "approaching privity" standard outlined in *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood* (80 NY2d 377, 383 [1992]). There is no evidence that defendants knew and intended that their advice to plaintiff's late husband was aimed at affecting plaintiff's conduct or was made to induce her to act. Nor is there evidence that plaintiff relied upon defendants' advice to her detriment. Significantly, the standard is not satisfied when the third party was only "incidentally or collaterally" affected by the advice (*see id.*).

In any event, plaintiff cannot recover damages that are grossly speculative (*see Phillips-Smith Specialty Retail Group II v Parker Chapin Flattau & Klimpl*, 265 AD2d 208, 210 [1999], *lv denied* 94 NY2d 759 [2000]). Defendants demonstrated that plaintiff could not satisfy the causation element of her malpractice claim because she could not prove that her inheritance would have increased if defendants had advised her late husband about a separation agreement that required him to leave half of his probated estate to his son. While plaintiff suggests various things her late husband could have done to ensure her more money than she eventually received, she cannot prove precisely what he would have done had he received different advice. Therefore, she cannot establish that but for defendants' failure to advise her late husband of the separation agreement, she would have received more money. In this regard, we note that plaintiff's late husband had the right to reduce her inheritance at any point in time.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.