Egan Jr., J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered November 5, 2013 in Saratoga County, which, among other things, granted a motion by defendants William J. Cade and Cade & Saunders, PC. to dismiss the complaint against them.
In 1996, plaintiff’s mother, defendant Deberá C. Sutch-Lenz, and father, Alfred Sutch (hereinafter decedent), commenced a medical malpractice action based upon injuries allegedly sustained by Sutch-Lenz while undergoing breast reduction surgery. Defendants William J. Cade and Cade & Saunders, *1138 P.C. (hereinafter collectively referred to as defendants) ultimately came to represent Sutch-Lenz and decedent in that action. In March 2000, prior to the trial of the medical malpractice matter, decedent was killed in a light plane crash in Saratoga County and, in April 2000, Sutch-Lenz was granted limited letters of administration for purposes of pursuing both decedent’s derivative claim in the context of the medical malpractice action and a wrongful death action. The medical malpractice action subsequently proceeded to trial and, by judgment entered in August 2001, decedent’s estate was awarded $100,000 on his derivative claim (Sutch v Yarinsky, 292 AD2d 715 [2002]).
In the interim, Sutch-Lenz, in her capacity as the administrator of decedent’s estate and while represented by defendants, commenced a wrongful death action against the aircraft’s manufacturer and the flight school where decedent had been taking lessons. A proposed settlement of that action subsequently was reached and, in conjunction therewith, Supreme Court appointed defendant James G. Snyder to serve as guardian ad litem for plaintiff (born in 1993) and his sister, Jessica Sutch (born in 1989). After reviewing the proposed distribution, Snyder issued a report to Supreme Court recommending that the settlement be approved. Supreme Court thereafter authorized Sutch-Lenz to settle the wrongful death action,[1] and plaintiff’s share of the proceeds was used to purchase annuities in his name.[2]
Plaintiff thereafter commenced this action against, among others, defendants alleging legal malpractice, breach of implied contract and breach of fiduciary duty and seeking both an accounting and the disgorgement of all legal fees received by defendants. In response, defendants filed a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1), (3) and (7), and plaintiff cross-moved for leave to amend his complaint to add a cause of action pursuant to Judiciary Law § 487. Supreme Court granted defendants’ motion and denied plaintiff’s cross motion, prompting this appeal.
*1139 We affirm. There is no question that a legal malpractice claim requires — in the first instance — “the existence of an attorney-client relationship” (Arnold v Devane, 123 AD3d 1202, 1203 [2014]). Plaintiff does not contend, and the record does not otherwise reflect, that he had a contractual relationship with defendants. Rather, plaintiff argues that because defendants represented Sutch-Lenz in her capacity as the administrator of decedent’s estate in both the medical malpractice and wrongful death actions and plaintiff, in turn, is a beneficiary of decedent’s estate, it necessarily follows that defendants were duty bound to represent plaintiff’s best interests in the context of those two actions. The flaw in plaintiff’s argument on this point is that “[i]n New York, a third party, without privity, cannot maintain a claim against an attorney in professional negligence, absent fraud, collusion, malicious acts or other special circumstances” (Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2010] [internal quotation marks and citation omitted]; accord Zinnanti v 513 Woodward Ave. Realty, LLC, 105 AD3d 736, 737 [2013]; cf. Leff v Fulbright & Jaworski, L.L.P., 78 AD3d 531, 532 [2010], lv denied 17 NY3d 705 [2011]). Although a limited exception has been carved out with respect to an action brought by the personal representative of an estate, “strict privity remains a bar against beneficiaries’ and other third-party individuals’ estate planning malpractice claims absent fraud or other circumstances” (Estate of Schneider v Finmann, 15 NY3d at 310; see Leff v Fulbright & Jaworski, L.L.P., 78 AD3d at 532).
Here, even affording plaintiff’s complaint a liberal construction, accepting the allegations contained therein as true and granting plaintiff the benefit of every favorable inference (see Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1117 [2014]), the pleading is devoid of the requisite allegations of fraud, collusion, malicious acts or other special circumstances necessary to maintain plaintiff’s legal malpractice claim against defendants. At best, plaintiff has alleged a generalized dissatisfaction with the terms of the structured settlement that he received in the context of the wrongful death action — the terms of which were subject to Snyder’s review in his capacity as plaintiff’s guardian ad litem and the payout provisions of which, according to Supreme Court, plaintiff subsequently and successfully renegotiated. Plaintiff further alleges that he did not receive his share of the award made with respect to decedent’s derivative claim in the medical malpractice action. Such allegations are insufficient to establish that plaintiff had an attorney-client relationship with defendants or to otherwise place him “within the ambit of the exception to the privity requirement” *1140 (Fredriksen v Fredriksen, 30 AD3d 370, 372 [2006]; see Estate of Schneider v Finmann, 15 NY3d at 309-310; Conti v Polizzotto, 243 AD2d 672, 672-673 [1997]). Absent an attorney-client relationship, plaintiff’s legal malpractice claim was properly dismissed.
Moreover, even assuming that such a relationship existed, those same allegations fall short of demonstrating, among other things, that defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal community (see Hinsdale v Weiermiller, 126 AD3d 1103, 1104 [2015]). Simply put, even assuming that defendants indeed played a role in the selection and purchase of the subject annuities, the mere fact that plaintiff did not get more of his money “up front” does not constitute legal malpractice. To the extent that plaintiff contends that he did not receive his share of the proceeds from the medical malpractice action, we need note only that it was the responsibility of Sutch-Lenz, in her capacity as decedent’s administrator, to collect estate assets and distribute them accordingly (see generally Matter of Manning, 244 App Div 9, 12-13 [1935], affd sub nom. Matter of Dunbar & Sullivan Dredging Co. v Fidelity & Deposit Co., 268 NY 690 [1935]; Matter of Scheuer, 94 Misc 2d 538, 543 [Sur Ct, NY County 1978]; Matter of Blaszkiewicz, 33 Misc 2d 884, 885 [Sur Ct, Richmond County 1962]). Therefore, plaintiff’s quarrel on this point lies with Sutch-Lenz, not defendants. We reach a similar conclusion with respect to plaintiff’s demand for an accounting (see SCPA 2205).
As to the balance of the complaint, plaintiff’s causes of action for breach of implied contract and breach of fiduciary duty, which are premised upon the same facts and circumstances as his legal malpractice claim, are redundant and fail for the reasons previously discussed (see Waggoner v Caruso, 68 AD3d 1, 6 [2009], affd 14 NY3d 874 [2010]; Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 290 AD2d 399, 400 [2002]). Having concluded that the foregoing causes of action were properly dismissed, it necessarily follows that there is no basis upon which to seek the return of the legal fees paid to defendants. Finally, “[w]hile leave to amend a pleading should be freely granted so long as no prejudice befalls the nonmoving party and the amendment is not plainly lacking in merit, such a decision rests squarely in the discretion of the trial court and will not be disturbed absent a clear abuse of [that] discretion” (Davis v Wyeth Pharms., Inc., 86 AD3d 907, 908 [2011] [internal quotation marks and citations omitted]). As we discern no abuse of Supreme Court’s sound discretion here, plaintiff’s *1141 cross motion for leave to amend his complaint to assert a cause of action under Judiciary Law § 487 was properly denied. Plaintiffs remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lahtinen, J.P., Lynch and Clark, JJ., concur.
Ordered that the order is affirmed, with costs.

. The order approving the proposed settlement was subject to Snyder’s review of the details thereof relative to plaintiff and his sister. Although plaintiff contends that such review never occurred, Snyder — in support of a March 2009 application seeking an order approving the structured settlement nunc pro tunc (the disposition of which is not reflected in the record)— insisted that he reviewed and approved of the terms of the structured settlement in December 2003.

. According to Supreme Court, plaintiff and his sister subsequently became dissatisfied with the terms of the annuity payments and successfully negotiated a restructuring of the payout schedule.