■ Carol Ianiro et al., Respondents, v Judith Bachman, Esq., Appellant. [16 NYS3d 85]—In an action to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated October 30, 2014, as denied that branch of her motion which was to dismiss the amended complaint insofar as asserted by the Trustees and Owners of the Lowell Babington and Toni Babington Irrevocable Trust pursuant to CPLR 3211 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, who is a lawyer, was retained by the plaintiff Lowell Babington and his wife, Toni Babington, to create and fund a trust of which the plaintiffs Carol Ianiro, Thomas Babington, and Margaret Onody serve as trustees (hereinafter collectively the trustee plaintiffs). The trust was funded with several policies which insured the lives of Lowell and Toni and which were previously owned by the trustee plaintiffs. The plaintiffs allege that the defendant allowed one of the policies on the life of Toni, who is now deceased, to lapse due to nonpayment. The plaintiffs commenced this legal malpractice action to recover the amount of the face value of the policy from the defendant. The defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a), asserting, among other things, that the trustee plaintiffs lack legal standing to maintain this action. The Supreme Court, inter alia, denied that branch of the motion which was to dismiss the complaint insofar as asserted by the trustee plaintiffs as trustees and owners of the trust.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted by the trustee plaintiffs. As the court correctly found, the trustee plaintiffs stand in a position analogous to that of the personal representative of an estate, and therefore, possess the requisite privity, or a relationship sufficiently approaching privity, to maintain an action alleging legal malpractice against the defendant (*see generally Estate of Schneider v Finmann*, 15 NY3d 306 [2010]).

Moreover, the Supreme Court properly determined that the plaintiffs, in opposition to the defendant's prima facie showing that the action was time-barred, raised a triable issue of fact as to the applicability of the continuous representation doctrine to toll the statute of limitations (*see* CPLR 203 [a]; 214 [6]; *Pellati v Lite & Lite*, 290 AD2d 544, 545 [2002]; *Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1017 [2010]).

The defendant's remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.