Davis v Farrell Fritz, P.C. (2022 NY Slip Op 00399)





Davis v Farrell Fritz, P.C.


2022 NY Slip Op 00399


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-01215
2018-01216
 (Index No. 603239/17)

[*1]Richard Davis, etc., et al., appellants, 
v
Farrell Fritz, P.C., et al., respondents.


Chipman Brown Cicero & Cole, LLP, New York, NY (Adam D. Cole of counsel),
for appellants.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice of counsel), for respondents Farrell Fritz, P.C., and John R. Morken.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Janice DiGennaro, and Shari Lewis of counsel), for respondents Campolo, Middleton & McCormick, LLP, Joseph N. Campolo, and Patrick McCormick.



DECISION & ORDER
In an action to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal from (1) a clerk's judgment of the Supreme Court, Nassau County, dated December 14, 2017, and (2) a clerk's judgment of the same court dated December 21, 2017. The clerk's judgment dated December 14, 2017, upon an order of the same court (Timothy S. Driscoll, J.), dated November 20, 2017, inter alia, granting the motion of the defendants Farrell Fritz, P.C., and John R. Morken pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the amended complaint insofar as asserted against those defendants. The clerk's judgment dated December 21, 2017, upon the order dated November 20, 2017, inter alia, granting the motion of the defendants Campolo, Middleton & McCormick, LLP, Joseph N. Campolo, and Patrick McCormick pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the clerk's judgment dated December 14, 2017, is reversed, on the law, the motion of the defendants Farrell Fritz, P.C., and John R. Morken pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them is denied, the amended complaint is reinstated as to those defendants, and the order dated November 20, 2017, is modified accordingly; and it is further,
ORDERED the clerk's judgment dated December 21, 2017, is modified, on the law, by deleting the provision thereof dismissing the third cause of action; as so modified, the clerk's judgment dated December 21, 2017, is affirmed, that branch of the motion of the defendants Campolo, Middleton & McCormick, LLP, Joseph N. Campolo, and Patrick McCormick which was pursuant to CPLR 3211(a) to dismiss the third cause of action is denied, the third cause of action is reinstated, and the order dated November 20, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the respondents appearing separately and filing separate briefs.
In 2009, the plaintiffs' decedent, Charles Robert Allen III (hereinafter Allen) through his son Luke Allen, as guardian for the property management of his father, commenced an action in federal district court against Christopher Devine, alleging, inter alia, that Devine fraudulently induced Allen to invest $70 million in a certain broadcast company and that Devine diverted such sum for his own personal use (hereinafter the Devine action). Following Allen's death on March 9, 2011, Grace Allen was appointed executrix of his estate and substituted as the plaintiff in the action. The executrix then retained the defendants Farrell Fritz, P.C., and John R. Morken (hereinafter together the Farrell Fritz defendants) and the defendants Campolo, Middleton & McCormick, LLP, Joseph N. Campolo, and Patrick McCormick (hereinafter collectively the CMM defendants), and substituted them as counsel in the action in place of Cohen & Gresser LLP (hereinafter C & G). The Devine action later settled for $750,000. The settlement agreement also encompassed a related action against Devine commenced in the Supreme Court, New York County, by Excelsior Capital, LLC (hereinafter Excelsior), a commercial lender controlled by Richard Davis (hereinafter the Excelsior action), which had been awarded damages in excess of $20 million on its breach of contract cause of action against Devine.
Thereafter, Davis and Thaddeus Mack Allen (hereinafter Thaddeus), as co-administrators of Allen's estate under limited letters of administration issued April 10, 2017, commenced the instant action against the Farrell Fritz defendants and the CMM defendants. The complaint alleged, inter alia, that the defendants committed legal malpractice by failing to assert causes of action against Devine's alleged co-conspirator, attorney Robert E. Neiman, and Neiman's law firm, Greenberg Traurig, LLP (hereinafter collectively the Neiman defendants), and against C & G for its failure to assert causes of action against Neiman. The Farrell Fritz defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against it, and the CMM defendants separately moved to dismiss the amended complaint insofar as asserted against it on similar grounds. In an order dated November 20, 2017, the Supreme Court granted the motions. Clerk's judgments were later entered upon the order dismissing the amended complaint. The plaintiffs appeal from the clerk's judgments.
Contrary to the Farrell Fritz defendants' contention, although they were retained by the executrix, the plaintiffs, upon the consent of the executrix and as court-appointed co-administrators of the estate for the limited purpose of prosecuting this action, possess the requisite privity, or a relationship sufficiently approaching privity, with their law firm (see Estate of Schneider v Finmann, 15 NY3d 306, 309; Ianiro v Bachman, 131 AD3d 925, 926).
The defendants failed to establish, prima facie, that the releases contained within the mutual release agreement dated as of August 29, 2013, entered into between Excelsior, Davis, the executrix, and others unambiguously encompassed the legal malpractice causes of action (see CPLR 3211[a][5]; Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276; Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 906; Chiappone v North Shore Univ. Hosp., 164 AD3d 463, 465).
The Supreme Court erred in concluding that the statute of limitations on the causes of action that the plaintiffs allege should have been asserted against Neiman expired prior to the defendants' retention. A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer (see CPLR 203[g]; 213[8]; Coleman v Wells Fargo & Co., 125 AD3d 716, 716). Although the complaint alleges that Devine and Neiman induced Allen to lend money beginning in 2000, the continuing wrong doctrine (see Selkirk v State of New York, 249 AD2d 818, 819; Barash v Estate of Sperlin, 271 AD2d 558) applies such that the six-year statute of limitations "began to run from the commission of the last wrongful act" (Community Network Serv., Inc. v Verizon NY, Inc., 39 AD3d 300, 301). The amended complaint, supplemented by Thaddeus's affidavit (see Perlov v Port Auth. of N.Y. & N.J., 189 AD3d 1624, 1626; Sokol v Leader, 74 AD3d 1180, 1181), alleges that the last wrongful act was in December [*2]2006, when Allen, having exhausted all of his liquid assets, and at the urging of Devine and his cohorts, borrowed more than $20 million against a bond portfolio and wired the proceeds to the alleged shell entity. Inasmuch as the defendants were retained prior to the expiration of the limitations period for asserting causes of action against Neiman alleging fraud, the first and third causes of action of the instant amended complaint, alleging legal malpractice premised on the defendants' failure to assert causes of action against Neiman, are not time-barred (cf. Dempster v Liotti, 86 AD3d 169, 181).
"[A] legal malpractice defendant seeking dismissal pursuant to CPLR 3211(a)(1) must tender documentary evidence conclusively establishing that the scope of its representation did not include matters relating to the alleged malpractice" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 39). Here, the fourth and fifth causes of action asserted against the CMM defendants allege legal malpractice premised, respectively, on the CMM defendants' failure to assert legal malpractice causes of action against C & G or to advise the executrix of the existence of legal malpractice causes of action against C & G, and to advise the executrix of the Farrell Fritz defendants' legal malpractice in failing to recommend that a timely action be commenced against Neiman and his firm and/or C & G. Contrary to the plaintiffs' contention, the CMM defendants' documentary evidence demonstrates conclusively that the acts that they allegedly failed to perform, as asserted in the fourth and fifth causes of action, were beyond the scope of the retainer agreement, which limited the CMM defendants' representation to prosecuting the Devine action. Accordingly, the retainer agreement utterly refutes the plaintiffs' contention with respect to the scope of the CMM defendants' representation in that regard (see CPLR 3211[a][1]; Turner v Irving Finkelstein & Meirowitz, LLP, 61 AD3d 849, 850), and the Supreme Court properly directed dismissal of the fourth and fifth causes of action.
However, the third cause of action was not subject to dismissal pursuant to CPLR 3211(a)(1). That cause of action, which alleged that the CMM defendants committed legal malpractice, inter alia, by failing to assert causes of action alleging fraud and breach of fiduciary duty based on fraud against Neiman and his firm "in the Devine action." The subject retainer, standing alone, failed to resolve conclusively all questions of fact regarding the scope of the CMM defendants' representation as to the subject matter of the third cause of action (see Cali v Maio, 189 AD3d 1337, 1338; Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d at 39).
The first and third causes of action allege, in part, that had the defendants advised the executrix that causes of action could have been asserted against Neiman and his firm, "the Executrix would have authorized the [ ] Defendants to pursue those claims." There is no merit to the defendants' contention that those causes of action should have been dismissed because the plaintiffs fail to plead the requisite "but for" causation since the damages are based on speculation as to whether the executrix would have authorized and funded such an action (cf. CPLR 3211[a][7]). While "[c]onclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848 [citations omitted]; see Stafford v Reiner, 23 AD3d 372, 372), here, there is support in the record (cf. Stafford v Reiner, 23 AD3d at 372) for the allegation that the executrix would have authorized the pursuit of causes of action against Neiman.
The defendants' contention that the action is barred by the prior dismissal of similar fraud allegations is without merit. Neiman was not a named defendant in the Excelsior action, and the defendants failed to demonstrate that Excelsior and the plaintiffs are in privity. Moreover, the defendants failed to demonstrate that any of the issues of fact necessarily decided in the prior litigation are identical to those issues which are critical to their defense in the present litigation (see RENP Corp. v Embassy Holding Co., 229 AD2d 381, 382-383). Accordingly, the Supreme Court erred in directing dismissal of the amended complaint, in effect, pursuant to CPLR 3211(a)(5).
The defendants' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court