Alford v Katz (2022 NY Slip Op 05397)

Alford v Katz

2022 NY Slip Op 05397

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND NEMOYER, JJ.

600 CA 21-00926

[*1]JULIE ALFORD, AS EXECUTOR OF AND ON BEHALF OF THE ESTATE OF ROBERT J. GENCO, DECEASED, PLAINTIFF-APPELLANT,
v
JEFFREY H. KATZ AND KATZ AND BAEHRE, A GENERAL PARTNERSHIP, DEFENDANTS-RESPONDENTS. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (JOSEPH E. ZDARSKY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (PAUL G. FERRARA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered May 28, 2021. The order, insofar as appealed from, granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendants' motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this legal malpractice action as executor of and on behalf of the estate of her father, Robert J. Genco (decedent), alleging that defendants were negligent in the drafting of decedent's will. In 2006, and before decedent and his wife were married, they entered into a prenuptial agreement that provided that decedent's wife waived any rights to decedent's retirement and deferred compensation accounts, and decedent's will would include a $1 million qualified terminal interest property trust (QTIP trust) for his wife's benefit. In 2007, decedent executed a will that included the QTIP trust bequest. In 2015, decedent changed the designation on his retirement accounts to designate his wife as the primary beneficiary of contributions decedent made after the date of their marriage and, in 2017, he signed a will that was prepared by defendants. In that will, decedent bequeathed to his wife $1 million, reduced by testamentary substitutes including retirement accounts for which she was the beneficiary, but there was no bequest for a QTIP trust. After decedent died, his wife filed a claim against his estate pursuant to SCPA 1803, claiming that she was entitled to, inter alia,
$1 million to fund the QTIP trust and, when that claim was rejected, decedent's wife commenced an action against plaintiff as executor of decedent's estate. Plaintiff then commenced this action, alleging that defendants negligently drafted the 2017 will. Specifically, in this action plaintiff alleges that decedent changed the beneficiary designation on his retirement accounts in exchange for his wife's waiver of her right under the prenuptial agreement to receive the QTIP trust, but defendants negligently failed to have decedent's wife execute a written amendment and/or waiver to the prenuptial agreement.
Before any discovery was conducted, defendants moved for summary judgment dismissing the complaint on the ground that it was premature because the action of decedent's wife against plaintiff was still pending. Although the two actions were not consolidated, Supreme Court issued a decision and order that resolved both actions. In the wife's action against plaintiff, the court granted the wife's motion for summary judgment and ordered plaintiff to fund a QTIP trust with $1 million. In this action, the court, inter alia, granted defendants' motion and dismissed the complaint and, as limited by her brief, plaintiff now appeals from the order to that extent.
We agree with plaintiff that the court erred in granting defendants' motion. Even assuming, arguendo, that plaintiff's action was premature at the time defendants brought their motion, it was no longer premature once the court granted the wife's motion for summary judgment in the wife's action against plaintiff. Contrary to defendants' contention, plaintiff, as the personal representative of decedent's estate, may bring a claim for legal malpractice alleging that defendants were negligent in the estate planning for decedent (see Estate of Schneider v Finmann, 15 NY3d 306, 309-310 [2010]). "Damages in a legal malpractice case are designed to 'make the injured client whole' " (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [2007], quoting Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 42 [1990]), and defendants failed to meet their initial burden of establishing that decedent's estate did not sustain any damages or that any damages were speculative (cf. Leeder v Antonucci, 195 AD3d 1592, 1593 [4th Dept 2021]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court