Phillips v Murtha (2023 NY Slip Op 01767)

Phillips v Murtha

2023 NY Slip Op 01767

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Index No. 158107/21 Appeal No. 17627-17628 Case No. 2022-05233, 2022-05302 

[*1]Jessica Phillips, et al., Appellants,
v
Michael J. Murtha, et al., Respondents, Murtha Law Firm, LLC, et al., Defendants.

A.M. Richardson, III, LLC, New York (Ambrose M. Richardson of counsel), for appellants.
Catalano Gallardo & Petropoulos, LLP, Jericho (Matthew K. Flanagan of counsel), for respondents.

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered May 10, 2022, dismissing the amended complaint pursuant to an order of the same court and Justice, entered on or about May 3, 2022, which granted defendants' CPLR 3211(a)(5) and (a)(7) motion to dismiss the amended complaint, unanimously affirmed, without costs. Order, same court and Justice, entered July 21, 2022, which to the extent appealable, denied plaintiffs' motion to renew, unanimously affirmed, without costs.
No appeal lies from that branch of the order entered July 21, 2022 which denied plaintiffs' motion to reargue (see Breakaway Courier Corp. v Berkshire Hathaway, Inc., 192 AD3d 501 [1st Dept 2021], lv denied 37 NY3d 916 [2021]). Regarding plaintiffs' motion to renew, plaintiffs argue that they offered new evidence in the form of defendant attorney's deposition testimony that he could not recall representing his client, the decedent, in the drafting of her will and trust agreement, and that he did not possess documentary evidence in connection with his representation of her. However, he acknowledged that a document presented at his deposition indicated his client had left a substantial legacy in her will to plaintiff Jessica Phillips, but the will and trust agreement at issue here left the bulk of the estate to the decedent's caretaker, who was also designated as the executrix of decedent's estate. Even assuming this constituted new evidence, it would not change the outcome of the original motion which resulted in dismissal of the action because, as discussed further, defendants owed plaintiffs no duty (see CPLR 2221[e]; American Audio Serv. Bur. Inc. v AT&T Corp., 33 AD3d 473, 476 [1st Dept 2006]). Moreover, appellants did not present any arguments in their appellate brief concerning the denial of the motion to renew. In the context of estate planning malpractice actions, strict privity applies to preclude a third party, such as beneficiaries or prospective beneficiaries like plaintiffs, from asserting a claim against an attorney for professional negligence in the planning of an estate, absent fraud, collusion, malicious acts or other special circumstances (see Estate of Schneider v Finmann, 15 NY3d 306, 308-309 [2021]; Leff v Fulbright & Jaworski, L.L.P., 78 AD3d 531 [1st Dept 2010], lv denied17 NY3d 705 [2011]). While plaintiffs argue their claim against defendant attorneys is couched as one for simple negligence, as opposed to legal malpractice, plaintiffs have not pleaded facts to show that defendant attorneys owed plaintiffs a duty of care in the drafting of their client's will and trust agreement. The strict privity requirement here protects estate planning attorneys against uncertainty and limitless liability in their practice (see Schneider, 15 NY3d at 310). Thus, plaintiffs' negligence claim is unavailing for lack of factual allegations to demonstrate that defendants owed plaintiffs a duty.
Plaintiffs have not pleaded sufficient factual allegations in [*2]their amended complaint to indicate that circumstances of fraud, collusion and/or aiding and abetting exist in this case to override the strict privity rule. Plaintiffs have not alleged fraud with requisite specificity as, inter alia, there are no allegations defendants knowingly made material misrepresentations in the will and trust for the purpose of inducing justifiable reliance by their client (since deceased) upon such misrepresentations, and moreover the allegations made do not support favorable inferences in that regard (see Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc., 119 AD3d 136, 139 [1st Dept 2014]). Here, defendants' client signed the will and trust agreement, and notwithstanding the alleged diminished capacity which appellants attributed to her advanced age, the allegations do not show that she justifiably relied upon any misrepresentations in the will and trust. Plaintiffs' claim for aiding and abetting a fiduciary breach is insufficiently alleged as the facts pleaded do not allege defendants breached a fiduciary duty owed to the plaintiffs (see Yuko Ito v Suzuki, 57 AD3d 205, 207 [1st Dept 2008]), or that they have standing to allege a breach of fiduciary duty on behalf of the estate. The relationship between an estate planning attorney and a prospective beneficiary under a will and/or trust does not in and of itself give rise to a fiduciary duty owed by the attorney to the prospective beneficiary (see Mali v De Forest & Duer, 160 AD2d 297 [1st Dept 1990], lv denied 76 NY2d 710 [1990]).
Plaintiffs' assertion of a claim under Judiciary Law 487 is unavailing because the amended complaint does not allege defendant attorneys were counsel of record in any proceeding to which plaintiffs were a party (see Platt v Berkowitz, 203 AD3d 447 [1st Dept 2022]).
In view of the foregoing, we need not reach defendants' statute of limitations arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023